UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Victor Arojojoye,

                    Plaintiff,        Case No. 14-cv-11136
                                         Hon. Judith E. Levy
v.                                 Mag. Judge Mona K. Majzoub

Michigan Department of
Corrections, et al.,

                    Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS' [10]
MOTION TO DISMISS**

    Plaintiff Victor Arojojoye brings this action against his former employer, defendant Michigan Department of Corrections ("MDOC"), for race discrimination, national origin discrimination, and retaliation, all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., and Michigan's Elliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 *et seq*.  Also named as defendants are MDOC Director Daniel Heyns and MDOC employees Joan Roggenbuck,

Lori Rhodes, and Todd Lavacs, in both their official and personal capacities.

This matter is before the Court on defendants' Motion to Dismiss Arojojoye's state law claims for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). (Dkt. 10.) Defendants filed this motion on August 18, 2014. Plaintiff did not file a response. The parties were notified that the Court would determine the motion without oral argument, pursuant to Eastern District LR 7.1(f)(2). (Dkt. 13.) For the reasons discussed below, the Court will grant the motion.

## I. Background

Arojojoye began work for MDOC on November 15, 2010 as a Corrections Medical Officer. (Dkt. 1, Compl. ¶ 7.) He alleges other employees directed racial comments, jokes, and slurs at him, and mimicked his Nigerian accent. (*Id.* ¶ 9.) Arojojoye alleges he reported the incidents to Rhodes, his immediate supervisor, but she delayed taking action and made derogatory comments about Arojojoye. (*Id.* ¶¶ 10-11.) On August 18, 2012, Arojojoye argued with another employee at work. (*Id.* ¶ 13.) That employee alleged Arojojoye had verbally threatened him during the confrontation. (*Id.*) The allegation was

2

investigated and Arojojoye's employment was ultimately terminated. (*Id.* ¶¶ 14-15.)

Arojojoye filed a charge of race discrimination, national origin discrimination, and retaliation with the Equal Employment Opportunity Commission. (*Id.* ¶ 20.) He filed this suit on March 17, 2014, following receipt of a right-to-sue letter from the EEOC. Arojojoye brings claims for race discrimination (Count I) and retaliation (Count III) in violation of Title VII and of the ELCRA. Arojojoye also brings a claim for national origin discrimination (Count II), although his complaint does not expressly indicate the statutory basis for that claim. (*See id.* ¶¶ 29-35.)

## II.   Standard

Defendants' motion is brought pursuant to Fed. R. Civ. Pr. 12(b)(1) for lack of subject matter jurisdiction, based on Eleventh Amendment sovereign immunity.

The Supreme Court has not definitively resolved the question of whether Eleventh Amendment immunity creates a jurisdictional bar. *See Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 391 (1998) ("Even making the assumption that Eleventh Amendment immunity is

a matter of subject matter jurisdiction – a question we have not decided

. . .").   On the one hand, sovereign immunity, like subject matter

jurisdiction, may be raised at any time in the proceedings.   However,

"unlike subject matter jurisdiction, the entity asserting Eleventh

Amendment immunity has the burden to show that it is entitled to

immunity."  *Nair v. Oakland Cty. Cmty. Mental Health Auth.*, 443 F.3d

469, 474 (6th Cir. 2006).   Defendants, contrary to their assertion, thus

have the burden to establish their entitlement to Eleventh Amendment

immunity.  (*See* Dkt. 10, Defs.' Br. in Support of Mot. to Dismiss 5.)

## III.   Analysis

### A.   ELCRA claims against MDOC

"Unless a State has waived its Eleventh Amendment immunity or

Congress has overridden it . . . a State cannot be sued directly in its own

name regardless of the relief sought."  *Cady v. Arenac Cnty.*, 574 F.3d

334, 344 (6th Cir. 2009).   Where a state law such as the ELCRA is at

issue, the only question is whether the state has waived its Eleventh

Amendment immunity in passing the law.  As defendants point out, the

Sixth Circuit has already provided the answer: passage of the ELCRA

did not waive Michigan's Eleventh Amendment immunity from suit in

federal court.  *Freeman v. Michigan*, 808 F.2d 1174, 1179 (6th Cir. 1987).  Arojojoye's ELCRA claims against MDOC are therefore barred by the Eleventh Amendment and must be dismissed.

### B.   ELCRA claims against the individual defendants in their official capacities

Eleventh Amendment immunity extends to state officials who are sued in their official capacities.  *See Cady*, 574 F.3d at 344.  But it does not bar official-capacity suits for injunctive relief, since "official-capacity actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

This exception to Eleventh Amendment immunity does not apply however, when the action is for violation of state, rather than federal, law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 121 (1984) ("[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the state that is protected by the Eleventh Amendment.").  Arojojoye's ELCRA claims against defendants Heyns, Roggenbuck, Rhodes, and Lavacs in their official capacities are thus also barred by the Eleventh Amendment and must be dismissed.

**C.**   **ELCRA claims against the individual defendants in their personal capacities**

*Pennhurst* also requires dismissal of Arojojoye's claims against the individual defendants in their personal capacities, insofar as those claims seek injunctive relief. *See Williams v. Kentucky*, 24 F.3d 1526, 1543 (6th Cir. 1994). After all, the injunctive relief Arojojoye seeks – reinstatement and prohibition of further acts of retaliation or discrimination – could only run against the state, through the individual defendants in their capacities as Arojojoye's supervisors. Defendants' motion will therefore be granted with respect to Arojojoye's ELCRA claims for injunctive relief against the individual defendants in their personal capacities.

However, "neither the Eleventh Amendment nor *Pennhurst* deprives federal courts of jurisdiction over state law claims for damages against state officials sued in their individual capacities." *Id.* The ELCRA imposes individual liability on an employer's agents. Mich. Comp. Laws § 37.2201(a); *Elezovic v. Ford Motor Co.*, 697 N.W.2d 851 (Mich. 2005).

If Arojojoye had pled personal capacity claims for monetary damages against the individual defendants, those claims would not be

barred by the Eleventh Amendment.   But he has not done so: the complaint makes clear that Arojojoye is suing the individual defendants only as representatives of MDOC.

The complaint identifies "defendant" as "an employer with its principal functions and duties in the State of Michigan."   (Dkt. 1, Compl. ¶ 4.)  This can only refer to MDOC.  The allegations in Counts I and II are made solely with respect to "Defendant" – namely, MDOC. (*Id.* ¶¶ 22-26, 28, 31-33, 35.)   The only references to the individual defendants in Counts I and II come in paragraphs 25 and 32, where Arojojoye alleges that "Defendant, by its agents, representatives, and employees," discriminated on the basis of race and "on the basis of sex [*sic*]" (emphasis added).  These allegations are directed at defendant – MDOC – and not at the individual defendants.  Count III contains no allegations against the individual defendants.

In short, Arojojoye has not pled personal capacity claims in the complaint, only allegations against MDOC.   As already indicated, Arojojoye's claims against MDOC are barred by the Eleventh Amendment and must be dismissed.

## IV.  Conclusion

Accordingly, defendants' Motion to Dismiss is GRANTED; and

Plaintiff's ELCRA claims against all defendants are DISMISSED

with prejudice.

IT IS SO ORDERED.


Dated: November 20, 2014              s/Judith E. Levy
Ann Arbor, Michigan                   JUDITH E. LEVY
                                      United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 20, 2014.


                                      s/Felicia M. Moses
                                      FELICIA M. MOSES
                                      Case Manager