UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Victor Arojojoye,

                Plaintiff,     Case No. 14-cv-11136
                                       Hon. Judith E. Levy
v.                                         Mag. Judge Mona K. Majzoub

Michigan Department of
Corrections, Joan Roggenbuck,
Lori Rhodes, Todd Lavacs, and
Daniel H. Heyns,

                Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [26]

This is a Title VII and Elliott-Larsen Civil Rights Act case, in which plaintiff Victor Arojojoye brings claims of race discrimination, national origin discrimination, and retaliation, against the Michigan Department of Corrections ("MDOC"), his former employer, and Joan Roggenbuck, Lori Rhodes, Todd Lavacs, and Daniel Heyns, individuals who work at MDOC. The Court previously dismissed plaintiff's ELCRA claims for lack of subject-matter jurisdiction. (*See* Dkt. 14.) Before the

Court is defendants' motion for summary judgment on the remaining Title VII claims. (Dkt. 26.) For the reasons set forth below, defendants' motion is granted, and the case is dismissed.

## I. Background

Plaintiff is an African-American man of Nigerian descent. (Dkt. 1 at 2.) He began work at MDOC in November 2010, and alleges that while he was employed there, Caucasian employees made racial comments, jokes, slurs, and mimicked his Nigerian accent. (Dkt. 1 at 2-3; Dkt. 26 at 5.) According to plaintiff, he reported the incidents to defendant Rhodes, his immediate supervisor, but she delayed in taking action and made derogatory comments about plaintiff. (Dkt. 1 at 3.)

On August 18, 2012, there was an "incident" between plaintiff and Sean Markus, another MDOC employee. (Id.; Dkt. 26 at 5.) According to a report from an internal investigation, there was "adequate evidence to sustain the following charges":

1. Work Rule #5 Conduct Unbecoming – Mr. Arojojoye may have acted in a manner that is an inappropriate role model for a Correctional Officer when he allegedly threatened to kill his coworker. He then allegedly repeated this threat a couple days after the incident to another coworker. This action could adversely affect the reputation of the Department but specifically Correctional

2

> Officers as they have special [sic] responsibility to support and uphold the law thru [sic] their own actions.
> 2. Work Rule #1 Humane Treatment of Individuals – Mr. Arojojoye's alleged hand gestures, verbal threats to harm [] Markus and that he may have repeated it days after the incident to another coworker ([] Martino) may have violated this work rule.
> * * *
> 4. Work Rule #53 Workplace Safety – Mr. Ar[o]jojoye allegedly made threats to kill and/or destroy [] Markus. This threat was allegedly made on two separate instances, once directly to [] Markus and a couple days later to [] Martino. Both employees indicated they were alarmed by his statements und that [] Arojojoye was not joking.

(Dkt. 26-2 at 4.)

A disciplinary conference was held, and defendant Roggenbuck found sufficient evidence to sustain violations of Work Rule #1, Work Rule #5, and Work Rule #53. (Dkt. 26 at 6; Dkt. 26-3 at 2.) The matter was then referred to MDOC's employee disciplinary coordinator, and plaintiff was discharged. (Dkt. 26-3 at 2.) The disciplinary coordinator noted that "all employees are put on notice that violations of these rule[s] shall result in discharge." (Dkt. 26-3 at 2.)

Plaintiff filed a charge with the EEOC and received a Notice of Right-to-Sue sometime after January 2013. (Dkt. 1 at 5; Dkt. 26 at 6.)

Plaintiff's Title VII race discrimination, national origin discrimination, and retaliation claims are all that remain in this case.

## II. Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.,* 305 F.3d 520, 526 (6th Cir. 2002)).

## III. Analysis

As an initial matter, the claims must be dismissed as to the individual defendants, Roggenbuck, Rhodes, Lavacs, and Heyns. Defendants argue that plaintiff's claims against the individual defendants are not permitted under Title VII and must be dismissed, because the individual defendants are not the "employer" for purposes

4

of Title VII liability. (Dkt. 26 at 8.) Plaintiff responds that "[s]upervisors and departmental employees will be considered an agent [sic]" for purposes of Title VII liability. (Dkt. 35 at 5.) But as a matter of law, supervisors and departmental employees cannot be held personally liable under Title VII unless they otherwise qualify as an employer. *See Wathen v. GE*, 115 F.3d 400, 405 (6th Cir. 1997) (holding that "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII"). Rather, the acts of any individual defendant may be imputed to the employer, here MDOC. *Mills v. Mason Consol. Sch. Dist.*, No. 07-cv-14648, 2008 U.S. Dist. LEXIS 78569, at *21 (E.D. Mich. Sep. 30, 2008) ("If the individual accused of discriminatory conduct serves in a position sufficiently high enough in the organization for one to consider him the organization's proxy, then the individual's actions may be automatically imputed to the employer.").

There is no direct evidence of unlawful discrimination or retaliation set forth by plaintiff, and plaintiff only makes arguments related to his *prima facie* case. To establish a *prima facie* case of unlawful discrimination against MDOC under Title VII, plaintiff must

5

show that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position; and (4) he was treated differently than a similarly situated, non-protected employee. *Abdulnour v. Campbell Soup Supply Co., LLC*, 502 F.3d 496, 501 (6th Cir. 2007) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Plaintiff fails to establish a *prima facie* case of unlawful discrimination.

Plaintiff is a member of a protected class based on his race and national origin. And he suffered an adverse employment action when he was fired from his position at MDOC. But plaintiff points to no evidence to establish that he was treated differently than similarly-situated Caucasian employees, as he alleged in his complaint. (*See* Dkt. 35 at 6-7.) It was plaintiff's burden to establish a *prima facie* case, which he failed to do. Plaintiff's race and national origin claims must therefore be dismissed.

To establish a *prima facie* case of retaliation against MDOC under Title VII, plaintiff must show that: (1) he engaged in activity protected by Title VII; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse employment action

against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and the adverse employment action or harassment. *Hunter v. Sec'y of United States Army*, 565 F.3d 986, 996 (6th Cir. 2009).

Plaintiff failed to establish any prong of his *prima facie* retaliation case. The only factual allegations made in the complaint are that "[p]laintiff timely filed a charge of race discrimination, national origin discrimination, and retaliation with the [EEOC] and brings this action within 90 days of receiving his notice of right to sue," and "[d]efendant retaliated against [p]laintiff for having complained about [d]efendant's discriminatory employment practices described above." (Dkt. 1 at 5, 7.) In his response to the motion for summary judgment, plaintiff states that "[d]efendant retaliated against [p]laintiff for having complained about [d]efendant's discriminatory employment practices," again without providing any evidence. (Dkt. 35 at 7-8.)

It seems that plaintiff filed a charge of discrimination and retaliation with the EEOC and received a Notice of Right-to-Sue sometime after January 2013. (*See* Dkt. 1 at 5; Dkt. 26 at 6.) But

7

plaintiff was terminated in November 2012, and there is no allegation nor evidence regarding what protected activity plaintiff engaged in, that MDOC knew plaintiff was engaged in protected activity, or that MDOC made its decision to terminate plaintiff because he engaged in protected activity. Again, it was plaintiff's burden to establish a *prima facie* case, which he failed to do. Plaintiff's retaliation claim must therefore be dismissed.

## IV. Conclusion

For the reasons set forth above, defendants' motion for summary judgment (Dkt. 26) is granted.

IT IS SO ORDERED.

Dated: May 6, 2016         s/Judith E. Levy
Ann Arbor, Michigan        JUDITH E. LEVY
       United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 6, 2016.

       s/Felicia M. Moses
       FELICIA M. MOSES
       Case Manager

8